Gloria H. CONLEY, Plaintiff,

v.

KFC CORPORATION, et al., Kentucky Fried Chicken Corp.; David Klosterman; Stan Pearman; Dennis Royer; and George Karvorkian, Defendants.

Civ. A. No. C 82–0034–L(A).

United States District Court,
W.D. Kentucky,
Louisville Division.

Nov. 20, 1985.

As Amended Nov. 22, 1985.

See also, D.C., 606 F.Supp. 235.

Isaac Lorean Conley, Jr., Edwin C. Lester, Louisville, Ky., for plaintiff.

Richard S. Cleary, Louisville, Ky., for defendants.

## MEMORANDUM OPINION

ALLEN, Senior Judge.

The defendants have moved the Court for a judgment entitling them to more than $42,000.00 in attorney's fees as against the plaintiff, Gloria H. Conley, her attorney-husband, Isaac Conley, and Isaac Conley's co-counsel of record, Edwin Lester.

The motion of the defendants is based on 42 U.S.C. § 1988, and also on its assertion that the plaintiff and her counsel have been guilty of bad faith in their prosecution of this action.

■ The record reflects that plaintiff, during a three week trial on a charge of racial discrimination under 42 U.S.C. § 2000e *et seq.* and 42 U.S.C. § 1981, failed to identify any instance of discriminatory behavior by KFC, with the possible exception of one instance where plaintiff became embroiled in a verbal conflict with two white employees, Happel and Muncy. Significantly enough, however, that conflict was resolved by KFC by transferring all of the employees to other positions on a lateral basis and therefore no racial discrimination occurred.

Although the Court overruled the motion of the defendant for summary judgment, it is apparent from the Court's own memory that plaintiff transformed what should have been a one week trial into a three week trial; that she failed to attend two depositions of which she was notified; that her counsel failed on numerous occasions to comply with orders of this Court; and that plaintiff's claims of retaliation and violation of the Equal Pay Act were completely unjustified.

It is noted that plaintiff's lawyer-husband has not even seen fit to respond to the defendants' motion for attorney's fees. Part of his failure may be attributed to the fact that he and his wife have taken bankruptcy. The Court of course recalls the many instances in which some attempt was made to collect the court reporter's fees for Mrs. Snowden and plaintiff's rather cavalier response to those efforts.

We are left with little or no doubt that attorney's fees should be assessed against plaintiff and her attorney-husband. *See Brisbane v. Port Authority of N.Y. and N.J.,* 550 F.Supp. 222 (S.D.N.Y.1982) (defendants in Title VII action entitled to reasonable attorney's fees as part of costs of defending frivolous lawsuit). *See also* the Findings of Fact and Conclusions of Law of this Court (and the Court's comments con-tained in its memorandum opinion and order of October 26, 1984, commenting on plaintiff's counsel's failure to file briefs as ordered by the Court).

Although the defendants have been compelled to expend $42,000 in attorney's fees, the Court, as did District Judge Owen in *Brisbane, supra,* takes cognizance of the fact that plaintiff and her husband are probably persons with limited resources judging by the fact that they filed a petition in bankruptcy. For that reason, we will reduce the amount of attorney's fees to be paid by Mrs. Conley to $5,000.00.

■ In addition, we believe that Mr. Conley should be held liable under Title 28 U.S.C. § 1927 which states that:

Any attorney or other person admitted to conduct cases in any court of the United States or any territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses and attorney's fees reasonably incurred because of such conduct. *Id., as amended* Sept. 12, 1980, Pub.L. 96–349, § 3 (1980), (in response to *Roadway Exp., Inc. v. Piper,* 447 U.S. 752, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980)).

Here, it is obvious that plaintiff's attorney multiplied the proceedings vexatiously by pursuing the retaliation claim four years after plaintiff had been granted several promotions following her charge of racial discrimination. It is also obvious that plaintiff's claims under the Equal Pay Act were patently baseless, and that plaintiff could easily have discovered that fact prior to trial. Plaintiff's attorney must certainly be liable for the expenses required to compel his wife's presence at a deposition after her failure to attend depositions. Also, he probably should be held responsible under 28 U.S.C. § 1927 for disrupting the trial and causing a very lengthy trial by issuing a subpoena as to documents which in no way tended to strengthen or prove the plaintiff's case, which matters he could have explored long

before trial by way of discovery. Furthermore, the Court finds that the conduct of Mr. Conley constituted, or was tantamount to, bad faith justifying the award of attorney's fees as against him even under the Court's inherent powers. *Roadway Express, supra,* 447 U.S. at 766–767, 100 S.Ct. at 2464–65.

We believe that an award of $600.00 per day for ten days would be appropriate in regards to the harassment caused by the subpoena issue and in pursuit of the retaliation issue which was frivolous, and a fee of $250.00 for the expenses caused by plaintiff's failure to attend depositions, making a total of $6,750.00, to be paid as set out in the judgment.

Finally, in regard to the defendants' requests to assess fees against Mr. Lester, we do not believe that it would be appropriate to do so. He did take part in the trial and conduct the examination of the plaintiff on direct. However, the record would indicate that the great majority of the decisions that were taken on plaintiff's behalf were apparently taken by her attorney-husband and not by Mr. Lester. For that reason, we will not award a fee against Mr. Lester.

A judgment in accordance with this opinion has been entered this day.